Marc Primo (SBN 216796)
MPrimo@InitiativeLegal.com
Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Orlando Arellano (SBN 234073)
OArellano@InitiativeLegal.com
Initiative Legal Group LLP
1800 Century Park East, Second Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Attorneys for Plaintiff



FILED
CLERK, U.S. DISTRICT COURT

MAY - 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WINZELBERG, individually, and on behalf of other members of the general public similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>   Defendant. | CASE NO.: CV 07-460 GAF (JCx)<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Judge: Honorable Gary A. Feess<br>Courtroom: 740; Roybal Building<br><br>CLASS ACTION; and LABOR CODE PRIVATE ATTORNEYS GENERAL ACTION<br>[Class Action Pursuant to <u>California Code of Civil Procedure</u> § 382; <u>Labor Code Private Attorneys General Action Pursuant to California Code of Civil Procedure</u> § 2699 <u>et seq</u>.]<br><br>[~~Proposed~~] **First Amended Class Action Complaint For:**<br>(1) Violation of 29 U.S.C. § 207;<br>(2) Violation of <u>California Labor Code</u> §§ 510 and 1194;<br>(3) Violation of <u>California Labor Code</u> § 226(a);<br>(4) Violation of <u>California Labor Code</u> |

FIRST AMENDED CLASS ACTION COMPLAINT

§ 226.7(a);
(5) Violation of <u>California Labor Code</u> §§ 221, 400-410, 2802 and 8 C.C.R. § 11040;
(6) Violation of <u>California Labor Code</u> §§ 201 and 202; and
(7) Violation of <u>California Business & Professions Code</u> § 17200, *et seq.*

**Jury Trial Demanded**

Plaintiff RONALD WINZELBERG ("WINZELBERG" or "Plaintiff"), individually and on behalf of all others similarly situated, and on behalf of the general public, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to <u>California Code of Civil Procedure</u> section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdictional limits of the Superior Court and will be established according to proof at trial.

2.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331-1332.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a state different from that of any defendant.  <u>See</u> Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents and are licensed to and do transact business in this district.

4.     California Labor Code section 2699 authorizes employees to sue directly for various civil penalties under the Labor Code.

5.     Plaintiff was employed by the Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Defendant" or "LIBERTY MUTUAL") and the alleged violations were committed against him during his time of employment and is therefore, an aggrieved employee.

6.     Plaintiff exhausted his administrative remedies by timely requesting and obtaining verification from the California Labor and Workforce Development Agency (the "Agency") that it does not intend to investigate any alleged violations

7.     On February 15, 2008, Plaintiff provided written notice by certified mail to the Agency and Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

8.     On March 27, 2008, the Agency gave notice to Plaintiff that it does not intend to investigate any alleged violations.

9.     Plaintiff has, therefore, satisfied the requirements of California Labor Code section 2699.3 and may seek civil penalties, in addition to other remedies, for violations of California Labor Code sections.

## **THE PARTIES**

10.     Plaintiff is a United States citizen and resident of Ventura County, in the state of California.

11.     Defendant LIBERTY MUTUAL INSURANCE COMPANY is, and at all times mentioned herein was, upon information and belief, a corporation organized and existing under the laws of the state of Massachusetts, authorized to transact business in California.

-2-

12.    Upon information and belief, Defendant is in the business of providing investment banking, securities trading, and securities and insurance brokerage services.

13.    Plaintiff is unaware of the true names or capacities of each defendant sued herein under the fictitious names DOES 1 through 10, but prays for leave to amend and serve such fictitiously named defendant pursuant to <u>California Code of Civil Procedure</u> section 474, once their names and capacities become known and ascertained.

14.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, owners, shareholders or managers of Defendant, and were acting on behalf of Defendant.

15.    Plaintiff is informed and believes, and thereon alleges, that each of said defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein, and the intentional and/or negligent conduct and/or fault of each fictitiously named defendant in some manner contributed to the damages complained of herein.

16.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant, and that each fictitiously named Defendant acted as the agent for the other, with legal authority to act on the other's behalf, in accordance with, and representation of the official policy of, Defendant.

17.    At all times herein mentioned, defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, defendants, and each of them, aided and abetted the acts and omissions of each and all the other defendants in proximately causing the damages herein alleged.

18.    Each reference in this Complaint to Defendant, Defendants, or a specifically named defendant, also refers to all Defendants sued under fictitious names.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

19.    Plaintiff alleges that Defendant unlawfully failed to pay Plaintiff and other California employees (hereinafter "California Class") overtime at one-and-one-half

-3-

times their regular rate as defined by the FLSA.

20.   Plaintiff brings his First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all California class members, defined in paragraph 11.

21.   Plaintiff and the California Class members are similarly situated, and are subject to Defendant's common practice, policy or plan of refusing to pay overtime in violation of the FLSA

22.   The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff under FLSA, since Plaintiff's claims are similar to the claims of the members for the California Class Plaintiffs.

23.   The names and addresses of the California Class are available from Defendant.  Notice will be provided to the California Class via first class mail to the last address known by their employer.

## CLASS ACTION ALLEGATIONS

24.   Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

25.   The proposed class consists of, and is defined as:

All current and former sales representatives and trainees, or persons with similar titles and/or similar job duties, who worked for Defendant in the State of California at any time during the period commencing four years prior to the filing of this Complaint to final judgment.

26.   There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a.   Numerosity:  The class members, and each subclass, if any, are so numerous that joinder of all class members would be unfeasible and not practicable. The membership of the entire class is unknown to Plaintiff at this time.  However, the

-4-

class is estimated to be greater than 100 individuals, and the identity of such members is readily ascertainable by inspection of Defendant's employment records.

b.   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges the obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys and the proposed class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorney's fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

c.   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorney's fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  This case involves one large corporate employer (Defendant) and a large number of individual employees (Plaintiff and the class members) with many relatively small claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage, as it would be able to exploit and

FIRST AMENDED CLASS ACTION COMPLAINT

overwhelm the limited resources of each individual class member with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for a justifiable fear of retaliation and permanent damage to their careers, either at present and/or at subsequent employment. Proof of a common business practice or factual pattern of which the named Plaintiff experienced, and that is representative of the class mentioned herein, will establish the right of each class member to recovery on the Causes of Action alleged herein. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire class.

27.    There are common questions of law and fact as to the class, and each subclass, if any, that predominate over questions affecting only individual members, including, but not limited to:

a.    Whether Plaintiff and class members qualify for "exempt" status under any applicable legal exemption;

b.    Whether Defendant required Plaintiff and class members to work over eight (8) hours per day and/or forty (40) hours per week, and failed to pay overtime compensation earned by and owed to Plaintiff and class members;

c.    Whether Defendant failed to pay the legally mandated minimum wage to Plaintiff and class members for hours worked;

d.    Whether Defendant properly complied with wage reporting requirements;

e.    Whether Defendant deprived Plaintiff and class members of meal and/or rest periods and/or required Plaintiff and class members to work during meal and/or rest periods without compensation;

f.    Whether Defendant unlawfully collected or received from Plaintiff and class members any part of wages previously paid to Plaintiff and class members;

g.    Whether Defendant failed to promptly pay all wages due to Plaintiff and class members upon their discharge or resignation;

h.    Whether Defendant's conduct was willful;

i.    Whether Defendant engaged in unfair business practices in violation of <u>Business & Professions Code</u> section 17200, *et seq*;

j.    The appropriate amount of compensatory damages resulting from Defendant's violations of law;

k.    The appropriate amount of monetary penalties resulting from Defendant's violations of law; and

l.    Whether Defendant is guilty of oppression, fraud, or malice, and should be punished for the sake of example.

## **FACTUAL ALLEGATIONS**

28.    At all material times set forth herein, Defendant employed Plaintiff and other persons as securities and insurance brokers or broker trainees in the State of California.

29.    Defendant employed, and continues to employ, Plaintiff and class members as exempt workers at its various California business locations.

30.    At all material times set forth herein, Defendant consistently failed to properly pay regular and overtime wages to Plaintiff and class members.

31.    Defendant knew or should have known that Plaintiff and class members were not receiving proper regular or premium overtime wages, because, among other things, Defendant's agents, officers and employees witnessed Plaintiff and class members working hours entitling them to such wages and Defendant's own work schedules indicate that these hours were worked.

32.    Plaintiff is informed and believes, and thereon alleges, that at all material times set forth herein, Defendant knew that it had a duty to compensate Plaintiff and

-7-

FIRST AMENDED CLASS ACTION COMPLAINT

class members, and that Defendant had the financial ability to pay such compensation,
but willfully, knowingly and intentionally failed to do so, solely to increase
Defendant's profits.

33.     California Labor Code section 218 states that nothing in Article 1 of the
Labor Code shall limit the right of any wage claimant to "sue directly...for any wages
or penalty due him under this article."

## FIRST CAUSE OF ACTION
### Violation of 29 U.S.C. § 207
### (Against Defendant LIBERTY MUTUAL)

34.     Plaintiff incorporates by reference and realleges, as if fully stated herein,
the allegations set out in paragraphs 1 through 33 of this Complaint.

35.     The Fair Labor Standards Act, 29 U.S.C. section 207(a)(1) ("FLSA"),
provides, in relevant part, as follows:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees, who in any workweek is employed in
> an enterprise engaged in commerce or in the production of goods
> for commerce, for a workweek longer than forty hours unless such
> employee receives compensation for his employment in excess of
> the hours above specified at a rate not less than one and one-half
> times the regular rate at which he is employed.

36.     At all material times set forth herein, Plaintiff and class members did not
qualify for "exempt" status under the FLSA because, *inter alia*, they were not paid on
a salary basis; their primary duties did not consist of office or nonmanual work directly
related to the management or general business operations of Defendant or Defendant's
customers; they did not exercise discretion and independent judgment with respect to
matters of significance; and Defendant's businesses did not qualify as either "retail or
service establishments."

FIRST AMENDED CLASS ACTION COMPLAINT

37.     At all material times set forth herein, Plaintiff and class members consistently worked in excess of forty hours in a workweek; however, Defendant failed to pay proper overtime compensation to either.

38.     At all material times set forth herein, Defendant's failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful.

39.     Pursuant to the FLSA, Plaintiff and class members are entitled to recover their unpaid overtime compensation as well as interest, costs, and attorney's fees.

## SECOND CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 510 and 1194

### (Against Defendant LIBERTY MUTUAL)

40.     Plaintiff incorporates by reference and realleges, as if fully stated herein, the allegations set out in paragraphs 1 through 39 of this Complaint.

41.     <u>California Labor Code</u> section 510(a) provides, in relevant part, as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

42.     <u>California Labor Code</u> section 515(a) provides, in relevant part, as follows:

-9-

> The Industrial Welfare Commission may establish exemptions from the requirement than an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

43. At all material times set forth herein, Plaintiff and class members did not qualify for "exempt" status under the <u>California Labor Code</u> because, *inter alia*, they were not primarily engaged in the duties that meet any potential exemptions; they did not customarily and regularly exercise discretion and independent judgment in performing those duties; and they did not earn a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

44. <u>California Labor Code</u> section 515(d) provides, in relevant part, as follows: "for the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

45. <u>California Labor Code</u> section 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46. At all material times set forth herein, Plaintiff and class members consistently worked in excess of eight hours in one workday and/or 40 hours in any

FIRST AMENDED CLASS ACTION COMPLAINT

1  one workweek; however, the proper overtime compensation was not paid by
2  Defendant.

3      47.    Therefore, Plaintiff and class members are entitled to recover their unpaid
4  overtime compensation pursuant to <u>California Labor Code</u> section 510(a) at the rate
5  specified in <u>California Labor Code</u> section 515(d), plus interest, costs, and attorney's
6  fees.

7      48.    Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff and
8  all aggrieved employees of Defendant are entitled to recover civil penalties in the
9  amount of one hundred dollars ($100) for each aggrieved employee per pay period for
10 the initial violation and two hundred dollars ($200) for each aggrieved employee per
11 pay period for each subsequent violation, plus costs and attorney's fees, for violations
12 of Labor Code sections 510 and 1194.

### THIRD CAUSE OF ACTION

### Willful Violation of <u>California Labor Code</u> § 226(a)

### (Against Defendant LIBERTY MUTUAL)

16     49.    Plaintiff incorporates by reference and realleges, as if fully stated herein,
17 the allegations set out in paragraphs 1 through 48 of this Complaint.

18     50.    <u>California Labor Code</u> section 226(a) provides that every employer shall,
19 semimonthly or at the time of each payment of wages, furnish each employee, either as
20 a detachable part of the check, draft, or voucher paying the employee's wages, or
21 separately when wages are paid by personal check or cash, an accurate itemized
22 statement in writing showing (i) gross wages earned; (ii) total hours worked by the
23 employee, except for an employee whose compensation is based solely on a salary and
24 who is exempt from the payment of overtime; (iii) the number of piece rate units
25 earned and any applicable piece rate if the employee is paid on a piece rate basis; (iv)
26 all deductions; (v) net wages earned; (vi) the inclusive dates of the period for which the
27 employee is paid; (vii) the name of the employee and his or her social security number;
28 (viii) the name and address of the legal entity that is the employer; and (ix) all

-11-

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

51.     At all material times set forth herein, Defendant either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiff and class members.

52.     Plaintiff is informed and believes, and thereon alleges, that Defendant systematically and intentionally under-reported the number of hours worked by Plaintiff and class members, resulting in widespread under-compensation for labor performed by Plaintiff and class members.

53.     Plaintiff is informed and believes, and thereon alleges, that Defendant systematically and intentionally caused a wage rate to be represented on the employee check stubs that did not correspond with the actual wage rate used to calculate employee compensation.

54.     Plaintiff is informed and believes, and thereon alleges, that Defendant systematically and intentionally engaged in conduct designed to conceal the under-reporting of hours and the incorrect wage reporting from Plaintiff and class members.

55.     Defendant's conduct as alleged herein is violates California Labor Code section 226(a).

56.     Plaintiff and class members are each entitled to recover from Defendant the greater of their actual monetary damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000.00) and an award of costs and reasonable attorney's fees pursuant to California Labor Code section 226(e).

57.     Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff and all aggrieved employees of Defendant are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per

pay period for each subsequent violation, plus costs and attorney's fees, for violations of Labor Code section 226(a).

## FOURTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §226.7(a)

### (Against Defendant LIBERTY MUTUAL)

58.   Plaintiff incorporates by reference and realleges, as if fully stated herein, the allegations set out in paragraphs 1 through 57 of this Complaint.

59.   The applicable Industrial Welfare Commission ("IWC") Wage Order and <u>California Labor Code</u> section 226.7(a) provide that employees cannot be required to work in excess of four hours without receiving a ten minute rest period, nor can they be required to work in excess of five hours without receiving a meal period of not less than 30 minutes.

60.   At all material times set forth herein, Defendant required Plaintiff and class members to work in excess of four hours without providing a ten minute rest period.

61.   At all material times set forth herein, Defendant required Plaintiff and class members to work an additional four hours without providing a second ten minute rest period.

62.   At all material times set forth herein, Defendant required Plaintiff and class members to work for periods longer than five hours without a meal period of not less than 30 minutes.

63.   At all material times set forth herein, Defendant required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods.

64.   At all material times set forth herein, Defendant required Plaintiff and class members to work during rest periods and failed to compensate Plaintiff and class members for work performed during rest periods.

-13-

65.   Defendant's conduct violates the applicable IWC Wage Order, and therefore violates <u>California Labor Code</u> section 226.7(a).

66.   Plaintiff and class members are each entitled to recover from Defendant one hour compensation per missed meal break and/or rest period as premium pay, and not as a penalty.

67.   Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff and all aggrieved employees of Defendant are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of Labor Code section 226.7.

## FIFTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 221, 400-410, 2802 and 8 C.C.R. § 11040 (Against Defendant LIBERTY MUTUAL)

68.   Plaintiff incorporates by reference and realleges, as if fully stated herein, the allegations set out in paragraphs 1 through 67 of this Complaint.

69.   <u>California Labor Code</u> section 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages previously paid by the employer to the employee.

70.   <u>California Labor Code</u> section 2802(a) provides as follows:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

-14-

71.   <u>California Labor Code</u> sections 400–410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

72.   <u>California Code of Regulations</u> 8, section 11040(8) provides as follows:

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

73.   At all material times set forth herein, Defendant required Plaintiff and class members to contribute to Defendant's costs of doing business, including, but not limited to compensating Defendant's other employees (i.e. Sales Assistants) for the labor necessary to complete the work; incurring expenses (including, but not limited to, marketing, travel, overhead, office supplies and other expenses that are the employer's costs of doing business) in direct consequence of the discharge of class members' duties, or of their obedience to Defendant's directions, which expenses have not yet been reimbursed by Defendant; and being charged back commissions and/or the actual value of losses allegedly caused by Plaintiff and class members as a result of their simple negligence or through no fault of their own.

74.   Thus, at all material times set forth herein, Plaintiff and class members were forced to contribute to the capital and expenses of Defendant's business, which constitutes putting up a cash bond and must be refunded by Defendant to Plaintiff and class members.

75.   <u>California Labor Code</u> section 218.6 provides for interest specified in <u>California Civil Code</u> section 3289(b), accruing from the date that the wages were due and payable.

76.   Therefore, Plaintiff and class members demand reimbursement for those chargebacks deducted by Defendant against Plaintiff's and the class members' wages;

-15-

and reimbursement for the expenditures or losses incurred by Plaintiff and class members in direct consequence of the discharge of their duties, or of their obedience to Defendant's directions; plus return of all cash bonds or other coerced investments in Defendant's businesses, with interest at the statutory rate, and attorney's fees.

77.     Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff and all aggrieved employees of Defendant are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of Labor Code sections 221, 400-410, and 2802.

## SIXTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 201 and 202

### (Against Defendant LIBERTY MUTUAL)

78.     Plaintiff incorporates by reference and realleges, as if fully stated herein, the allegations set out in paragraphs 1 through 77 of this Complaint.

79.     <u>California Labor Code</u> sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80.     After Plaintiff's resignation, Defendant did not pay Plaintiff his earned wages within the required 72 hours. Indeed, Defendant still has not yet paid Plaintiff all his earned and unpaid wages to this day.

81.     Plaintiff is informed and believes, and thereon alleges, that at all material times set forth herein, Defendant also failed to pay those class members who are no longer employed by Defendant their earned and unpaid wages at the time of discharge, or within 72 hours of their leaving Defendant's employ.

FIRST AMENDED CLASS ACTION COMPLAINT

82.     Defendant's failure to promptly pay Plaintiff and those class members who are no longer employed by Defendant their wages earned and unpaid at the time of discharge or resignation violated <u>California Labor Code</u> sections 201 or 202.

83.     <u>California Labor Code</u> section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

84.     Therefore, Plaintiff and class members are entitled to recover from Defendant the statutory penalty for each day they were not paid at their regular rate of pay up to a 30-day maximum pursuant to <u>California Labor Code</u> section 203.

85.     Pursuant to California Labor Code sections 2699(f) and (g), Plaintiff and all aggrieved employees of Defendant are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of Labor Code sections 201 and 202.

## SEVENTH CAUSE OF ACTION

### Violation of <u>California Business & Professions Code</u> § 17200, et seq.

### (Against Defendant LIBERTY MUTUAL)

86.     Plaintiff incorporates by reference and realleges, as if fully stated herein, the allegations set out in paragraphs 1 through 85 of this Complaint.

87.     At all material times set forth herein, Defendant's conduct was unfair, unlawful, and harmful to Plaintiff, the class members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>California Code of Civil Procedure</u> section 1021.5.

88.     Pursuant to <u>California Business & Professions Code</u> section 17200, et seq., Plaintiff and class members are entitled to restitution of the wages withheld,

-17-

FIRST AMENDED CLASS ACTION COMPLAINT

deducted and/or retained by Defendant, and, losses and/or expenses unreimbursed or charged by Defendant during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendant to pay all outstanding monies due to class members; an award of attorney's fees pursuant to <u>California Code of Civil Procedure</u> section 1021.5 and other applicable law, and costs.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant LIBERTY MUTUAL, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representatives of the class;

3. That counsel for Plaintiff be appointed as class counsel;

4. That Defendant provide to class counsel, immediately upon its appointment, the names and most current contact information (address and phone numbers) of all class members.

### As to the First Cause of Action

5. For general unpaid wages at overtime wage rates;

6. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

7. For reasonable attorney's fees and for costs of suit incurred herein pursuant to <u>California Labor Code</u> section 1194(a);

8. For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

9. For general unpaid wages at overtime wage rates;

10. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

-18-

11.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to <u>California Labor Code</u> section 1194(a);

12.    For all civil penalties and reasonable attorney's fees and costs of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

13.    For such other and further relief as the Court may deem appropriate.

<u>As to the Third Cause of Action</u>

14.    For all actual damages, according to proof;

15.    For statutory penalties pursuant to <u>California Labor Code</u> section 226(e);

16.    For reasonable costs and attorney's fees pursuant to <u>California Labor Code</u> section 226(e);

17.    For all civil penalties and reasonable attorney's fees and costs of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

18.    For such other and further relief as the Court may deem appropriate.

<u>As to the Fourth Cause of Action</u>

19.    For payments pursuant to <u>California Labor Code</u> section 226.7(b);

20.    For costs of suit incurred herein;

21.    For all civil penalties and reasonable attorney's fees and costs of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

22.    For such other and further relief as the Court may deem appropriate.

<u>As to the Fifth Cause of Action</u>

23.    For unpaid wages;

24.    For interest on all due an unpaid wages, accrued from the date that the wages were due and payable, at the rate of interest specified in <u>California Civil Code</u> section 3289(b), pursuant to <u>California Labor Code</u> section 218.6;

25.    For costs of suit incurred herein;

26.    For all civil penalties and reasonable attorney's fees and costs of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

27.    For such other and further relief as the Court may deem appropriate.

-19-

<u>As to the Sixth Cause of Action</u>

28.     For statutory penalties pursuant to <u>California Labor Code</u> section 203 for Plaintiff and all other class members who have left Defendant's employ;

29.     For reasonable attorney's fees;

30.     For costs of suit incurred herein;

31.     For all civil penalties and reasonable attorney's fees and costs of suit incurred herein pursuant to California Labor Code sections 2699(f) and (g); and

32.     For such other and further relief as the Court may deem appropriate.

<u>As to the Seventh Cause of Action</u>

33.     For restitution of unpaid wages, wrongful deductions and unreimbursed expenses taken from all class members and pre-judgment interest thereon;

34.     For a permanent injunction ordering Defendant to pay required overtime rates for overtime hours worked to all securities and insurance brokers and broker trainees and ordering Defendant to discontinue the practice of passing on the costs of Defendant's doing business to its securities and insurance brokers and broker trainees;

35.     For reasonable attorney's fees that Plaintiff and class members are entitled to recover under <u>California Code of Civil Procedure</u> section 1021.5;

36.     For costs of suit incurred herein; and

37.     For such other and further relief as the Court may deem appropriate.

Dated:  April 18, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: _____
Mark Yablonovich
Marc Primo
Mónica Balderrama
Orlando Arellano
Attorneys for Plaintiff/Class Members

-20-

FIRST AMENDED CLASS ACTION COMPLAINT